O

# United States District Court
# Central District of California

| | |
|---|---|
| OLIVIA F. GONZALES,<br><br>    Plaintiff,<br><br>  v.<br><br>CAREMORE HEALTH PLAN, INC.,<br><br>    Defendant. | Case № CV 15-1499 ODW (FFMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

## I. INTRODUCTION

Presently before the Court is Defendant Caremore Health Plan Inc.'s ("Caremore") Motion to Dismiss Plaintiff Olivia F. Gonzales' ("Gonzales) Fourth, Fifth and Sixth Claims.  (ECF No. 13.)  For the reasons discussed below, the Court **GRANTS** Defendant's Motion.[1]

## II. FACTUAL BACKGROUND

This case arises out of an alleged wrongful termination, and related claims.  (Mot. 1.)  Caremore's Motion to Dismiss attacks three of these related claims, specifically the fourth, fifth, and sixth, concerning unlawful employment claims.  *Id.*

Gonzales filed her complaint in District Court on March 2, 2015.  (ECF No. 1.)  Two amended Complaints were subsequently filed.  (ECF Nos. 8, 11.)  On July 10,

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

2015, Caremore filed the present Motion to Dismiss. (ECF No. 13.) Gonzales failed to timely file an opposition, and on July 27, 2015 Caremore filed a Reply stating so. (ECF No. 16.) On August 5, 2015, Gonzales requested an extension to file an Opposition to Caremore's Motion to Dismiss. (ECF No. 18.) The following day, the Court granted an extension of 30 days. (ECF No. 20.) Gonzales failed to file a timely opposition, and filed her Opposition on September 25, 2015. (ECF No. 21.) On September 29, 2015, Caremore filed its Reply. (ECF No. 22.)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Local Rule 7-12 states that the Court need not consider late-filed papers. C.D. Cal. L.R. 7-12. Notwithstanding, as explained further below, considering Gonzales' opposition does not change the Court's decision to grant Caremore's Motion.

Gonzales did not submit any substantive argument in opposition to any of the points that Caremore raises. The failure to substantively oppose a motion to dismiss can be "construed as a waiver or abandonment of those issues warranting dismissal of [those] claims." *Shorter v. Los Angeles Unified Sch. Dist.*, No. CV 13-3198 ABC AJW, 2013 WL 6331204, at \*5 (C.D. Cal. Dec. 4, 2013); *see also, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Without any 'overture to the district court to suggest that [the plaintiff] had a continuing interest in pursuing [a claim after the defendant filed a motion to dismiss that claim] the district court had no reason to consider the contention that the claim . . . could not be dismissed.'" (citation omitted)); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." (citing *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009))), *aff'd*, 646 F.3d 1240 (9th Cir. 2011); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

Caremore's primary arguments with regard to the claims at issue is that the statutes under which Gonzales brings suit do not give rise to private causes of action. (*See generally* Mot.) Caremore correctly notes that 8 U.S.C. § 1324(a) fails to provide for an express private right of action. (Mot. 3.) Gonzales does not offer an opposition

to Caremore's arguments regarding this claim. (*See generally* Opp'n.*)* For Gonzales to bring a plausible claim, there must be an implied private right of action. It is clear that the Court must be extremely judicious in creating such a right. *See Transamerica Mortg. Advisors, Inc.(TAMA) v. Lewis*, 444 U.S. 11 (1979). The Court can find no persuasive authority supporting a private right of action based on 8 U.S.C. § 1324(a), and so grants Caremore's Motion to Dismiss with respect to the fourth claim.

Caremore makes a similar argument with respect to Gonzales' fifth claim. Caremore argues that 8 U.S.C. § 1324(b) provides for no private right of action until a claimant has exhausted the required administrative remedies. (Mot. 5.) Section 1324(b) provides for a delineated system to enforce its provisions, beginning with filing a charge with the Department of Justice. 8 U.S.C. § 1324. Caremore correctly notes that Gonzales' claim does not allege that she has complied with the administrative remedies provided. If Gonzales has exhausted the administrative remedies, however, then she may be able to allege a viable claim. Instead, Gonzales argues that she has an implied cause of action. (Opp'n 3, 4.) As has already been stated, however the Court should exercise extreme caution in creating such rights. *See Transamerica Mortg. Advisors, Inc.(TAMA) v. Lewis*, 444 U.S. 11 (1979). The Court can find no persuasive authority supporting a private right of action based on 8 U.S.C. § 1324(b), and so grants Caremore's Motion to Dismiss with respect to the fifth claim, with leave to amend.

Caremore reiterates its previous arguments with respect to Gonzales' sixth claim. Caremore notes that 18 U.S.C. § 1546 is a criminal statute, and accordingly affords no private right of action. (Mot. 7.) Gonzales does not offer an opposition to Caremore's arguments regarding this claim. (*See generally* Opp'n.) The Court can find no persuasive authority supporting a private right of action based on 8 U.S.C. § 1546 and so grants Caremore's Motion to Dismiss with respect to the fourth claim.

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Caremore's Motion to Dismiss the Fourth, Fifth, and Sixth Claims of Plaintiff Gonzales' Complaint, with leave to amend the Fifth Claim, and without leave to amend the Fourth and Sixth Claims. (ECF No. 13.)

**IT IS SO ORDERED.**

October 22, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**