FILED

2016 JUN -3 PM 3: 51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

1    Olivia F. Gonzales

2    olivia.gonzales.us@member.mensa.org

3    2424 West Grand Ave Apt D

4    Alhambra, CA 91801

5    (714) 504-6606

6    In Pro Per

7

8

9

10                    SUPERIOR COURT OF CALIFORNIA

11                    **Central District of California**

12

13

14   Olivia F. Gonzales,                 ) Case No.: CV 15-1499 ODW (FFMx)
                                          )
15              Plaintiff                 )
                                          ) NOTICE OF MOTION AND MOTION;
16        vs.                             ) MEMORANDUM OF POINTS AND
                                          ) AUTHORITIES; and DECLARATION
17                                        ) OF OLIVIA GONZALES IN SUPPORT
     Caremore Health Plan,                ) OF MOTION TO COMPEL
18              Defendant                 ) RESPONSES TO REQUESTS FOR
                                          ) PRODUCTION OF DOCUMENTS,
19                                        ) SET 1 AND MONETARY SANCTION
                                          )
20                                        )
                                          )
21                                        )
                                          )
22                                        ) Date: ~~June 24, 2016~~ JULY 5, 2016
                                          ) Dept. ~~Department 53~~ ROYBAL
23                                        ) Time: ~~2:00 p.m.~~ 10:00 AM
24
25   ─────────────────────────────
26
27
28

                                    1

To Caremore Health Plan and to its attorney of record Young, Zinn & Bates, LLP:

NOTICE IS HEREBY GIVEN that on ~~June 24, 2016~~ JULY 5, 2015 or as soon thereafter as the matter may be heard, in ~~Department 53312~~ ROYBAL this court, located at 312 North Spring Street, Los Angeles, CA 90012, the Plaintiff Olivia Gonzales will, and hereby does, move for an order compelling Caremore Health Plan, to serve a response to the Plaintiff's Requests for Production of Documents, set 1, which she served on Defendant on January 12, 2016 , and will further move this court for an order requiring Defendant Caremore Health Plan, to pay a monetary sanction to Plaintiff. The motion will be made on the grounds that Defendant has failed to serve a timely response to the above-described Requests for Production of Documents.

The motion will be based on this notice of motion, on the declaration of Olivia Gonzales and the memorandum set forth below, on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

Dated: May 24, 2016

By: _____
Olivia F. Gonzales
Plaintiff, In Pro Per

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT FOR ORDER
COMPELLING RESPONSES TO REQUEST FOR PRODUCTION AND FOR
MONETARY SANCTIONS

DEFENDANT CAREMORE HEALTH PLAN HAS FAILED TO SERVE A TIMELY
RESPONSE TO PLAINTIFF OLIVIA F. GONZALES' DEMAND FOR
PRODUCTION OF DOCUMENTS, SET 1, AND THUS THE COURT SHOULD
MAKE AN ORDER COMPELLING A RESPONSE AND IMPOSING A
MONETARY SANCTION FOR THE FAILURE TO RESPOND.

**A. Party May Move for Order Compelling Response and for Monetary Sanction.**
When a party makes an inspection demand under Section 2031.010 of the Code of
Civil Procedure and the party to whom the demand is directed fails to respond, the
demanding party may move for an order compelling response and for a monetary
sanction under Section 2023.030 of the Code of Civil Procedure ( Code Civ. Proc. §
2031.300).

**B. Waiver of Objection to Demand.** When the party to whom an inspection demand
has been directed fails to serve a timely response to it, that party waives any objection
to the demand, including one based on privilege or on the protection for work product
under Section 2018.010 et seq. of the Code of Civil Procedure ( Code Civ. Proc. §
2031.300(a)).

**C. Court Must Impose Monetary Sanction Absent Specified Findings.** The court
must impose a monetary sanction under Section 2023.030 of the Code of Civil
Procedure against any party, person, or attorney who unsuccessfully opposes a motion
to compel a response to an inspection demand, unless it finds that the one subject to the

sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust (Code Civ. Proc. §§ 2023.030(a), 2031.300(c)).

**D. Court May Impose Sanctions Despite Lack of Opposition to Motion to Compel Discovery.** The court may award sanctions under the Discovery Act in favor of a party who files a motion to compel discovery, even though no opposition to the motion was filed, or opposition to the motion was withdrawn, or the requested discovery was provided to the moving party after the motion was filed (Cal. Rules of Ct., Rule 3.1030(a)).

Dated: May 24, 2016

By: _____

Olivia F. Gonzales
Plaintiff, In Pro Per

4

## DECLARATION OF OLIVIA GONZALES IN SUPPORT FOR ORDER COMPELLING RESPONSES TO DISCOVERY REQUESTS AND FOR MONETARY SANCTIONS

I, Olivia Gonzales, declare:

1. I am the Movant in the above entitled action.

2. The complaint is Discrimination, Harassment and Wrongful Termination

3. On January 12, 2016 I served my Requests for Production of Documents, Set 1, on the Defendant Caremore Health Plan.

4. Plaintiff intends to prove that the Management in Caremore intentionally harassed and discriminated the Plaintiff so they can hire and promote Indian Nationals.

5. Plaintiff requested for documents and other materials, dated before and after the hiring of the Indian National.

6. Defendant's responses to my Requests for Production of Documents, Set 1, were evasive and did not produce a single document out of 17 requests.  Attached Exhibit A.

7. On April 19, 2016 after my deposition, I personally met and conferred with Karen J. Pazzani of Young, Zinn & Bate.

8.  On April 23, 2016, I mailed a summary of what was discussed during the meet and confer with Karen Pazzani, see Exhibit B.

9.  As of this date, I have not received a single document from the Defendant for the 17 requests I made.

10. I ask that the court award sanctions of $1,520.00. I base my request for the imposition of a sanction on basis that it took me 40 hours to research and prepare the instant motion. My hourly wage is $38 per hour times 40 hours equals $1,520. In addition, the motion filing fee for this motion was $60.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 24, 2016

By: _____

Olivia Gonzales
Movant/Plaintiff, In Pro Per

HARRY A. ZINN (State Bar No. 116397)
hzinn@yzblaw.com
KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@yzblaw.com
YOUNG, ZINN & BATE LLP
888 South Figueroa Street, Fifteenth Floor
Los Angeles, California 90017
Telephone: (213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendant
CAREMORE HEALTH PLAN, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Olivia F. Gonzales,<br><br>           Plaintiff,<br><br>vs.<br><br>Caremore Health Plan, Inc.<br><br>           Defendant | Case No.  CV 15-1499 ODW (FFMx)<br><br>**DEFENDANT CAREMORE HEALTH PLAN, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF OLIVIA F. GONZALES' REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR THINGS, SET ONE**<br><br>Complaint Filed:  March 2, 2015 |

RESPONDING PARTY:      Defendant CareMore Health Plan, Inc.

PROPOUNDING PARTY:    Plaintiff Olivia F. Gonzales

SET NUMBER:                   One

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

**TO PLAINTIFF OLIVIA F. GONZALES, IN PRO PER:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant CareMore Health Plan, Inc. ("CareMore") hereby objects and responds to plaintiff Olivia F. Gonzales' ("Plaintiff") Request for Production of Documents and/or Things (Set No. One) ("Request" or "Requests").

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.    These responses are made solely for the purpose of this action. Each response is given subject to the objections set forth below including, but not limited to, objections concerning relevancy, materiality, propriety, and admissibility. All such objections are reserved and may be interposed at the time of trial.

2.    CareMore has not completed its investigation or analysis of the facts relating to this action and has not yet completed preparation for trial. Accordingly, the following objections and responses are given without prejudice to CareMore's right to produce, disclose, or use, at a later date, subsequently discovered evidence. CareMore further reserves the right to amend or supplement these responses at any time.

3.    CareMore objects to each Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege, immunity, or protection available under the law. CareMore will not produce any documents so protected. CareMore does not intend by these responses or objections to waive any claim of privilege or immunity.

4.    CareMore further objects to each Request to the extent that it seeks documents that are equally available to Plaintiff on the grounds of burden and oppression.

5.    CareMore further objects to each Request to the extent that the Request seeks documents not within CareMore's possession, custody, or control.

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1

6.     CareMore further objects to each Request to the extent that the Request seeks to impose on CareMore any obligation beyond those required by the Federal Rules of Civil Procedure and/or the local rules of this Court, and on the grounds that the documents requested are not relevant to any party's claims or defenses, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

7.     CareMore further objects to the Requests to the extent the Definitions and Instructions, including the "Storage Medium" instruction, seeks to impose on CareMore any obligation to produce documents in a format other than the format described in the parties' Joint Report Following Fed.R.Civ.P 26(f) Conference dated January 19, 2016.

8.     CareMore objects and responds to each Request on the basis of CareMore's understanding and interpretation of the specific Request.  If Plaintiff understands or interprets any of the Requests differently, CareMore reserves the right to supplement any of these responses, either with additional objections or otherwise.

CareMore hereby incorporates the Preliminary Statement and General Objections into each of the following specific objections.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS
## REQUEST FOR PRODUCTION NO. 1:

Any and all DOCUMENTS constituting, discussing, or otherwise pertaining to correspondence or other written or oral COMMUNICATIONS between CAREMORE and the EEOC that relate or pertain to (a) Plaintiff employment with DEFENDANT or its termination; (b) any alleged wrongful conduct on the part of DEFENDANT; and/or (c) any and all other matters encompassed by the Defendant.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

CareMore objects to this Request on the grounds that it is overbroad as to

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1   time and scope.  CareMore further objects to this Request on the grounds that it is

2   vague, ambiguous, and unintelligible as to the meaning of the phrase "any and all

3   other matters encompassed by the Defendant."  CareMore further objects to this

4   Request on the grounds that it seeks documents that are not relevant to any party's

5   claims or defenses, not relevant to the subject matter of this action, and not

6   reasonably calculated to lead to the discovery of admissible evidence.  CareMore

7   further objects to this Request to the extent that it seeks documents, the disclosure of

8   which would constitute an unwarranted invasion of the affected persons' federal and

9   state constitutional, statutory, and common law rights of privacy and confidentiality.

10   CareMore further objects to this Request to the extent it seeks documents protected

11   by the attorney-client privilege and/or work product doctrine.

12       Subject to and without in any way waiving the foregoing objections, and to

13   the extent CareMore understands this Request, CareMore responds by producing the

14   July 2, 2014 letter and attachments thereto.

15

16   **REQUEST FOR PRODUCTION NO. 2:**

17       Any and all DOCUMENTS, including, but not limited to, names, addresses,

18   recordings, letters, tests and test results, interview questions, notes, e-mails,

19   resumes, references and/or instant messages, that evidence and/or relate or pertain to

20   the rejection of other applicants whose national origin is not India  for the position

21   given to Yugandar Chaparala or to any Indian National.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23       CareMore objects to this Request on the grounds that it is grossly overbroad

24   and unduly burdensome, and has been propounded to vex, annoy, and/or harass.

25   CareMore further objects to this Request on the grounds that it is vague, ambiguous,

26   and overbroad as to its definition of the term "Indian National" and as to the phrase

27   "the position given to Yugandar Chaparala."  CareMore further objects to this

28   Request on the grounds that it seeks documents that are not relevant to any party's

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

3

1  claims or defenses, not relevant to the subject matter of this action, and not

2  reasonably calculated to lead to the discovery of admissible evidence.  CareMore

3  further objects to the Request to the extent that it seeks documents, the disclosure of

4  which would constitute an unwarranted invasion of the affected persons' federal and

5  state constitutional, statutory, and common law rights of privacy and confidentiality.

6  CareMore further objects to this Request to the extent it seeks documents protected

7  by the attorney-client privilege and/or work product doctrine.  CareMore further

8  objects to this Request to the extent that it seeks documents not within CareMore's

9  possession, custody, or control.  CareMore does not inquire into the national origin

10  of its employees or applicants and does not consider a person's national origin in

11  making personnel decisions.

12

13  **REQUEST FOR PRODUCTION NO. 3:**

14      Any and all DOCUMENTS which evidence, refer to, relate to, or otherwise

15  pertain to the employment of Indian Nationals and Felix Orito, by DEFENDANT,

16  including, but not limited to:

17

18      (a)    DOCUMENTS relating to their initial hiring or rehiring, including

19  Resumes, interview, test and test results and/or other records of employment history;

20  job applications and related documentation; references regarding their character

21  and/or work performance; work status (H1b, OPT, legal Resident, et.al) negotiations

22  regarding any aspect of employment; offers of employment; terms, benefits and

23  conditions of employment; employment contracts, if any; and job title and/or status;

24

25      (b)    DOCUMENTS relating to their job classification(s), including requests

26  for changes in job title and /or status; changes in job title and/or status; promotions

27  and/or transfers; requests for promotion and/or transfer; responses to requests for

28  promotion and/or transfer; job requirements; job assignments, responsibilities,

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

4

1    and/or duties; requests for job assignments, responsibilities, and/pr duties; and

2    responses to requests for job assignments, responsibilities, and/or duties;

3

4        (c)    DOCUMENTS relating to rates of pay, salary, wages, earnings,

5    detailed timesheets, compensation, commissions, bonuses, or any other form of

6    income or remuneration; changes in rate of pay, salary, wages, earnings,

7    compensation, commissions, bonuses, or in any other form of income or

8    remuneration; offers of benefits to be paid for (in whole or in part) or provided by

9    DEFENDANT, regardless of whether those benefits were actually obtained.;

10    benefits statements; insurance-related DOCUMENTS; pension rights and benefits;

11    and/or seniority; and

12

13        (d)    DOCUMENTS relating to any threatened, potential, or actual

14    termination and/or other disciplinary action or separation from employment.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

16        CareMore objects to this Request on the grounds that it is grossly overbroad

17    and unduly burdensome, and has been propounded to vex, annoy, and/or harass.

18    CareMore further objects to this Request on the grounds that it is vague, ambiguous,

19    and overbroad as to its definition of the term "Indian National." CareMore further

20    objects to this Request on the grounds that it seeks documents that are not relevant

21    to any party's claims or defenses, not relevant to the subject matter of this action,

22    and not reasonably calculated to lead to the discovery of admissible evidence.

23    CareMore further objects to the Request to the extent that it seeks documents, the

24    disclosure of which would constitute an unwarranted invasion of the affected

25    persons' federal and state constitutional, statutory, and common law rights of

26    privacy and confidentiality. CareMore further objects to this Request to the extent it

27    seeks documents protected by the attorney-client privilege and/or work product

28    doctrine. CareMore further objects to this Request to the extent that it seeks

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1   documents not within CareMore's possession, custody, or control. CareMore does

2   not inquire into the national origin of its employees or applicants and does not

3   consider a person's national origin in making personnel decisions.

4

5   **REQUEST FOR PRODUCTION NO. 4:**

6   Any and all DOCUMENTS which evidence, relate to, comprise, or otherwise

7   pertain to DEFENDANT's assessment of all employees, job performance, work

8   conduct, and/or behavior, including,

9   (a)   Performance evaluations, reviews, formal or informal

10  COMMUNICATIONS with CAREMORE about their performance, conduct,

11  and/or behavior;

12  (b)   Complaints about their performance, conduct, and/or behavior;

13  (c)   Investigations of employees conduct, behavior, and/or job performance;

14  and

15  (d)   Formal and/or informal warnings to, reprimands of, and/or discipline of

16  employees.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18  CareMore objects to this Request on the grounds that it is grossly overbroad

19  and unduly burdensome, and has been propounded to vex, annoy, and/or harass.

20  CareMore further objects to this Request on the grounds that it seeks documents that

21  are not relevant to any party's claims or defenses, not relevant to the subject matter

22  of this action, and not reasonably calculated to lead to the discovery of admissible

23  evidence. CareMore further objects to the Request to the extent that it seeks

24  documents, the disclosure of which would constitute an unwarranted invasion of the

25  affected persons' federal and state constitutional, statutory, and common law rights

26  of privacy and confidentiality. CareMore further objects to this Request to the

27  extent it seeks documents protected by the attorney-client privilege and/or work

28

DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1  product doctrine.  CareMore further objects to this Request to the extent that it seeks

2  documents not within CareMore's possession, custody, or control.

3

4  **REQUEST FOR PRODUCTION NO. 5:**

5      Any and all DOCUMENTS, including, but not limited to, recordings, letters,

6  notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

7  present, that evidence and/or relate or pertain to Saurin Mehta's communication

8  with Defendant, its employees and contractors and with Cognizant and Cognizant's

9  employees.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11      CareMore objects to this Request on the grounds that it is overbroad and

12  unduly burdensome, and has been propounded to vex, annoy, and/or harass.

13  CareMore further objects to this Request on the grounds that it seeks documents that

14  are not relevant to any party's claims or defenses, not relevant to the subject matter

15  of this action, and not reasonably calculated to lead to the discovery of admissible

16  evidence.  CareMore further objects to this Request to the extent that it seeks

17  documents, the disclosure of which would constitute an unwarranted invasion of the

18  affected persons' federal and state constitutional, statutory, and common law rights

19  of privacy and confidentiality.  CareMore further objects to this Request to the

20  extent it seeks documents protected by the attorney-client privilege and/or work

21  product doctrine.  CareMore further objects to this Request to the extent that it seeks

22  documents not within CareMore's possession, custody, or control.

23

24  **REQUEST FOR PRODUCTION NO. 6:**

25      Any and all DOCUMENTS, including, but not limited to, recordings, letters,

26  notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

27  present, that evidence and/or relate or pertain to Yugandar Chaparala's

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

1  communication with Defendant, its employees and contractors with Cognizant and

2  Cognizant's employees.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

4      CareMore objects to this Request on the grounds that it is overbroad and

5  unduly burdensome, and has been propounded to vex, annoy, and/or harass.

6  CareMore further objects to this Request on the grounds that it seeks documents that

7  are not relevant to any party's claims or defenses, not relevant to the subject matter

8  of this action, and not reasonably calculated to lead to the discovery of admissible

9  evidence.  CareMore further objects to this Request to the extent that it seeks

10  documents, the disclosure of which would constitute an unwarranted invasion of the

11  affected persons' federal and state constitutional, statutory, and common law rights

12  of privacy and confidentiality.  CareMore further objects to this Request to the

13  extent it seeks documents protected by the attorney-client privilege and/or work

14  product doctrine.  CareMore further objects to this Request to the extent that it seeks

15  documents not within CareMore's possession, custody, or control.

16

17  **REQUEST FOR PRODUCTION NO. 7:**

18      Any and all DOCUMENTS, including, but not limited to, recordings, letters,

19  notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

20  present, that evidence and/or relate or pertain to Felix Orito's communication with

21  Defendant, its employees and contractors and with Cognizant and Cognizant's

22  employees.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24      CareMore objects to this Request on the grounds that it is overbroad and

25  unduly burdensome, and has been propounded to vex, annoy, and/or harass.

26  CareMore further objects to this Request on the grounds that it seeks documents that

27  are not relevant to any party's claims or defenses, not relevant to the subject matter

28  of this action, and not reasonably calculated to lead to the discovery of admissible

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

1  evidence.  CareMore further objects to this Request to the extent that it seeks

2  documents, the disclosure of which would constitute an unwarranted invasion of the

3  affected persons' federal and state constitutional, statutory, and common law rights

4  of privacy and confidentiality.  CareMore further objects to this Request to the

5  extent it seeks documents protected by the attorney-client privilege and/or work

6  product doctrine.  CareMore further objects to this Request to the extent that it seeks

7  documents not within CareMore's possession, custody, or control.

8

9  **REQUEST FOR PRODUCTION NO. 8:**

10  Any and all DOCUMENTS, including, but not limited to, recordings, letters,

11  notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

12  present, that evidence and/or relate or pertain to James Tahvili's communication

13  with Defendant, its employees and contractors and with Cognizant and Cognizant's

14  employees.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16  CareMore objects to this Request on the grounds that it is overbroad and

17  unduly burdensome, and has been propounded to vex, annoy, and/or harass.

18  CareMore further objects to this Request on the grounds that it seeks documents that

19  are not relevant to any party's claims or defenses, not relevant to the subject matter

20  of this action, and not reasonably calculated to lead to the discovery of admissible

21  evidence.  CareMore further objects to this Request to the extent that it seeks

22  documents, the disclosure of which would constitute an unwarranted invasion of the

23  affected persons' federal and state constitutional, statutory, and common law rights

24  of privacy and confidentiality.  CareMore further objects to this Request to the

25  extent it seeks documents protected by the attorney-client privilege and/or work

26  product doctrine.  CareMore further objects to this Request to the extent that it seeks

27  documents not within CareMore's possession, custody, or control.

28

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

9

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS, including, but not limited to, recordings, letters, notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to present, that evidence and/or relate or pertain to Venu Lingamaneni's communication with Defendant, its employees and contractors and with Cognizant and Cognizant's employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

CareMore objects to this Request on the grounds that it is overbroad and unduly burdensome, and has been propounded to vex, annoy, and/or harass. CareMore further objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. CareMore further objects to this Request to the extent that it seeks documents, the disclosure of which would constitute an unwarranted invasion of the affected persons' federal and state constitutional, statutory, and common law rights of privacy and confidentiality. CareMore further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. CareMore further objects to this Request to the extent that it seeks documents not within CareMore's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS, including, but not limited to, recordings, letters, notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to present, that evidence and/or relate or pertain to any director's, officer's, managing agent', contracting agent's communication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

CareMore objects to this Request on the grounds that it is grossly overbroad and unduly burdensome, and has been propounded to vex, annoy, and/or harass.

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

10

1    CareMore further objects to this Request on the grounds that it is vague, ambiguous,

2    and unintelligible.  CareMore further objects to this Request on the grounds that it

3    seeks documents that are not relevant to any party's claims or defenses, not relevant

4    to the subject matter of this action, and not reasonably calculated to lead to the

5    discovery of admissible evidence.  CareMore further objects to this Request to the

6    extent that it seeks documents, the disclosure of which would constitute an

7    unwarranted invasion of the affected persons' federal and state constitutional,

8    statutory, and common law rights of privacy and confidentiality.  CareMore further

9    objects to this Request to the extent it seeks documents protected by the attorney-

10   client privilege and/or work product doctrine.  CareMore further objects to this

11   Request to the extent that it seeks documents not within CareMore's possession,

12   custody, or control.

13

14   **REQUEST FOR PRODUCTION NO. 11:**

15       Any and all DOCUMENTS, including, but not limited to, recordings, letters,

16   notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

17   present, that evidence and/or relate or pertain to Maritza Mega's communication

18   with Defendant, its employees and contractors and with Cognizant and Cognizant's

19   employees.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21       CareMore objects to this Request on the grounds that it is overbroad and

22   unduly burdensome, and has been propounded to vex, annoy, and/or harass.

23   CareMore further objects to this Request on the grounds that it seeks documents that

24   are not relevant to any party's claims or defenses, not relevant to the subject matter

25   of this action, and not reasonably calculated to lead to the discovery of admissible

26   evidence.  CareMore further objects to this Request to the extent that it seeks

27   documents, the disclosure of which would constitute an unwarranted invasion of the

28   affected persons' federal and state constitutional, statutory, and common law rights

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

1 of privacy and confidentiality. CareMore further objects to this Request to the

2 extent it seeks documents protected by the attorney-client privilege and/or work

3 product doctrine. CareMore further objects to this Request to the extent that it seeks

4 documents not within CareMore's possession, custody, or control.

5

6 **REQUEST FOR PRODUCTION NO. 12:**

7      Any and all DOCUMENTS, including, but not limited to, recordings, letters,

8 notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

9 present, that evidence and/or relate or pertain to James Nash's communication with

10 Defendant, its employees and contractors and with Cognizant and Cognizant's

11 employees.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

13      CareMore objects to this Request on the grounds that it is overbroad and

14 unduly burdensome, and has been propounded to vex, annoy, and/or harass.

15 CareMore further objects to this Request on the grounds that it seeks documents that

16 are not relevant to any party's claims or defenses, not relevant to the subject matter

17 of this action, and not reasonably calculated to lead to the discovery of admissible

18 evidence. CareMore further objects to this Request to the extent that it seeks

19 documents, the disclosure of which would constitute an unwarranted invasion of the

20 affected persons' federal and state constitutional, statutory, and common law rights

21 of privacy and confidentiality. CareMore further objects to this Request to the

22 extent it seeks documents protected by the attorney-client privilege and/or work

23 product doctrine. CareMore further objects to this Request to the extent that it seeks

24 documents not within CareMore's possession, custody, or control.

25

26 **REQUEST FOR PRODUCTION NO. 13:**

27      Any and all DOCUMENTS, including, but not limited to, recordings, letters,

28 notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

1  present, that evidence and/or relate or pertain to Jamie Myer's communication with

2  Defendant, its employees and contractors and with Cognizant and Cognizant's

3  employees.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

5      CareMore objects to this Request on the grounds that it is overbroad and

6  unduly burdensome, and has been propounded to vex, annoy, and/or harass.

7  CareMore further objects to this Request on the grounds that it seeks documents that

8  are not relevant to any party's claims or defenses, not relevant to the subject matter

9  of this action, and not reasonably calculated to lead to the discovery of admissible

10  evidence.  CareMore further objects to this Request to the extent that it seeks

11  documents, the disclosure of which would constitute an unwarranted invasion of the

12  affected persons' federal and state constitutional, statutory, and common law rights

13  of privacy and confidentiality.  CareMore further objects to this Request to the

14  extent it seeks documents protected by the attorney-client privilege and/or work

15  product doctrine.  CareMore further objects to this Request to the extent that it seeks

16  documents not within CareMore's possession, custody, or control.

17

18  **REQUEST FOR PRODUCTION NO. 14:**

19      Any and all DOCUMENTS, including, but not limited to, recordings, letters,

20  notes, e-mails, project updates, and/or instant messages, from January 1, 2012 to

21  present, that evidence and/or relate or pertain to Rajan Shah's communication with

22  Defendant, its employees and contractors and with Cognizant and Cognizant's

23  employees.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

25      CareMore objects to this Request on the grounds that it is overbroad and

26  unduly burdensome, and has been propounded to vex, annoy, and/or harass.

27  CareMore further objects to this Request on the grounds that it seeks documents that

28  are not relevant to any party's claims or defenses, not relevant to the subject matter

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

13

1    of this action, and not reasonably calculated to lead to the discovery of admissible

2    evidence. CareMore further objects to this Request to the extent that it seeks

3    documents, the disclosure of which would constitute an unwarranted invasion of the

4    affected persons' federal and state constitutional, statutory, and common law rights

5    of privacy and confidentiality. CareMore further objects to this Request to the

6    extent it seeks documents protected by the attorney-client privilege and/or work

7    product doctrine. CareMore further objects to this Request to the extent that it seeks

8    documents not within CareMore's possession, custody, or control.

9

10   **REQUEST FOR PRODUCTION NO. 15:**

11        Any and all DOCUMENTS, including, but not limited to, recordings, letters,

12   notes, e-mails, project updates, and/or instant message, that evidence and/or relate or

13   pertain to Venu Lingamaneni's statement that Plaintiff can read his private chats.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

15        CareMore objects to this Request on the grounds that it is overbroad as to

16   time and scope. CareMore further objects to this Request on the grounds that it is

17   vague and ambiguous and assumes facts that have not been established. CareMore

18   further objects to this Request to the extent it seeks documents protected by the

19   attorney-client privilege and/or work product doctrine.

20        Subject to and without in any way waiving the foregoing objections, and to

21   the extent CareMore understands this Request, CareMore responds by producing

22   Venu Lingamaneni's September 6, 2013 email to Jamie Myers regarding his belief

23   that Plaintiff was reading his Microsoft Live communications with Saurin Mehta.

24

25   **REQUEST FOR PRODUCTION NO. 16:**

26        Correct and Original copy of the Performance Improvement Plan. The copy

27   of the plan that was provided in the Defendant's initial disclosure is not from correct

28   and original copy.

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

CareMore objects to this Request on the grounds that it is vague and ambiguous and assumes facts that have not been established.

Subject to and without in any way waiving the foregoing objections, and to the extent CareMore understands this Request, CareMore responds that it has produced a true and correct copy of the Performance Improvement Plan signed by Plaintiff on February 15, 2013.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS, including, but not limited to, recordings, letters, notes, e-mails, financial statements, and/or instant messages, that pertain to Caremore's contract with Medicare and Medicaid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

CareMore objects to this Request on the grounds that it is grossly overbroad and unduly burdensome as to time and otherwise, and has been propounded to vex, annoy, and/or harass. CareMore further objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. CareMore further objects to this Request to the extent that it seeks documents, the disclosure of which would constitute an unwarranted invasion of the affected persons' federal and state constitutional, statutory, and common law rights of privacy and confidentiality. CareMore further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

1    DATED:  February 16, 2016          HARRY A. ZINN
2                                        KAREN J. PAZZANI
                                         YOUNG, ZINN & BATE LLP
3
4
5    By:
                                         KAREN J. PAZZANI
6                                        Attorneys for Defendant
7                                        CareMore Health Plan, Inc.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**YOUNG, ZINN & BATE LLP**
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On February 16, 2016, I caused to be served the foregoing documents described as **DEFENDANT CAREMORE HEALTH PLAN, INC.'S RESPONSES TO PLAINTIFF OLIVIA F. GONZALES' REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR THINGS, SET ONE** on the interested parties in this action by sending a true copy thereof to:

Olivia F. Gonzales, In Pro Per
2424 W. Grand Avenue, Apt. D
Alhambra, CA 91801

Olivia F. Gonzales, In Pro Per
3508 W. Mungall Dr.
Anaheim, CA 92804

**BY U.S. MAIL** as follows: I am "readily familiar" with Young, Zinn & Bate LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service shall be presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 16, 2016, at Los Angeles, California.

_____
Jessica Alvarez

YOUNG, ZINN & BATE LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

April 23, 2016


Harry A.Zinn

Karen J. Pazzani

Young, Zinn & Bate LLP

888 South Figueroa Street, Fifteenth Floor,

Los Angeles, California 90017

Telephone ( 213) 362 -1860


Re:  Olivia Gonzales vs. Caremore Health Plan


Dear Mr. Zinn, Miss Pazzani:


Thank you for meeting with me regarding discovery issues resulting from
Plaintiff's First Request for production of Documents and First Set of
Interrogatories.

I intend to file a motion to compel defendant to respond to my discovery.  As you
know, Local Rule 37-1 requires the parties to confer in person regarding all
discovery issues prior to filing a motion. I am listing the issues as discussed in our
meeting on April 19, 2016.

These are the issues we need to resolve:

On January 12, 2016 Plaintiff served Defendant with Plaintiff's First Request for
Production of Documents. Defendants responded on February 16, 2016 by

producing NONE of the documents out of 17 requests. And by stating numerous unfounded objections. The following list outlines your objections and my position on your objections.

1. With respect to request for Production No. 1, where Plaintiff requested "EEOC file regarding Plaintiff", you indicated in your response that "Caremore objects to this request on the grounds that it is overbroad as to time and scope ant that request is vague, ambiguous and unintelligible, and that the request is not relevant to any party's claim and defenses, not relevant and not reasonably calculated to lead to the discovery of admissible evidence, etc." These objections are frivolous. First the request is clear. This case originated from a complaint made to EEOC. EEOC made a decision to give me the right to sue instead of making a decision against Defendant, based on Defendant's communication with EEOC. This case is about my employment and my termination from employment; thus this request is reasonably calculated to lead to the discovery of admissible evidence. Please immediately produce the "EEOC file". Please immediately produce them.

2. With respect to request for Production No. 2, where Plaintiff requested for records pertaining to applicants who were rejected before Yugandhar Chaparala OR ANY Indian National was hired, you indicated in your response that this is not relevant to the discovery of admissible evidence. This case is about discrimination based on nationality because Plaintiff is not of Indian descent. Plaintiff intends to prove that Yugandhar and other Indian

Nationals were favored over other applicants of different nationalities or Americans.

You further indicated that these are documents protected by attorney-client privilege. This objection is vague.

You also indicated that Caremore does not inquire into the national origin of its employees or applicants in making personnel decision. Production of the requested of documents should prove that this statement is true or NOT. Please immediately produce them.

3. With respect to request for Production No. 3, where Plaintiff requested for employment records ( pay, benefits, promotions, contracts) of all Indian Nationals and of Felix Orito regardless of employment status and nationalities. You indicated in your response that it overbroad and burdensome. This objection is frivolous. Employees' files are typically stored as electronic files and if there are hard copies, each employee, on average would have one folder of hard copies.

You further objected that these documents are not within Caremore's possession. Again this objection is frivolous. Any company would have employment documents of their employees or contractors. You further indicated that that Caremore does not inquire into the national origin of its employees or applicants. AGAIN, Production of the requested of documents should prove that this statement is true or NOT. Please immediately produce them.

4. With respect to request for Production No 4, where Plaintiff requested for documents regarding other employees/contractors' behavior complaints, evaluations, reprimands. You indicated in your response that defendant object on the grounds that this request is grossly overbroad and unduly burdensome, and has been propounded to vex, annoy and/or harass and that the request is not relevant to the case. These objections are frivolous. Plaintiff's goal is not to vex, annoy or harass but to prove that Plaintiff was wrongfully terminated on a smaller offense while other employees who has committed gross offenses and illegal schemes continued to be employed and even promoted. Please immediately produce them.

5. With respect to request for Production No 5., where Plaintiff requested for documents regarding Saurin Mehta's communication with Defendant, its employees and contractors and with Cognizant and Cognizant's employees. You indicated in your response that defendant object on the grounds that this request is grossly overbroad and unduly burdensome, and has been propounded to vex, annoy and/or harass and that the request is not relevant to the case. These objections are frivolous. This case is about harassment and discrimination. Saurin Mehta was also reported to Human Resources of presenting the Plaintiff's work without the presence of the Plaintiff but the presence of two other Indian Nationals who had nothing to do with the project. It is the intention of the plaintiff that there are other incidents in which Saurin Mehta discussed Plaintiff's other work to other people and to Cognizant's employees/contractors.

**POS-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Olivia F. Gonzales<br>2424 West Grand Ave Apt D<br>Alhambra, CA 91804<br>Pro Per<br><br>TELEPHONE NO.:(714)398-5043     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:olivia.gonzales.us@member.mensa.org<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS:312 North Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:Los Angeles, CA 90012 |
| BRANCH NAME: |

| PETITIONER/PLAINTIFF:   Olivia F. Gonzales |
|---|
| RESPONDENT/DEFENDANT:   Caremore Health Plan |

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>CV 15-1499 ODW (FFMx) |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   3508 West Mungall Drive Apt 2
   Anaheim, CA 92804

3. On *(date):* 6/3/2016   I mailed from *(city and state):* Los Angeles, CA
   the following documents *(specify)*:
   Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration

   ☑ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
   (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:Karen J. Pazzani / Young, Zinn & Bate
   b. **Address** of person served:
      888 South Figueroa Street, Fifteenth Floor
      Los Angeles, California, 90017

   ☑ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6/08/2016

_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶          _____
           (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>*www.courtinfo.ca.gov*